**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Connie Liming, ) | No. CV-05-1247–PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| CheckFree Services Corporation, et al., ) | |
| Defendants. ) | |

On April 4, 2005, Plaintiff filed a complaint in the Superior Court of Maricopa County, Arizona, against Defendants CheckFree Services Corporation and CheckFree Services Corporation Group Health and Welfare Plan. (Doc. 1). Plaintiff was employed in part by CheckFree Services and was provided health care benefits under the Plan in connection with her employment. In her amended complaint, Plaintiff alleges that the Plan is one established under the Employee Retirement Income Security Act (ERISA) and has asserted claims for declaratory judgment and a request for permanent injunction. Defendants removed the case to this Court asserting that Plaintiff's suit arises out of a claim for benefits under an employee welfare benefit plan and is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq., Plaintiff's exclusive remedy. Defendants therefore have asserted that this Court has original jurisdiction over the action under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).  (Doc. 1).

Following removal, Defendants filed a motion to dismiss the complaint (Doc. 6), which was subsequently withdrawn (Doc. 19), and an answer. (Doc. 20). Plaintiff, however, has filed a motion to remand (Doc. 14) which is currently before the Court. Defendants have filed a response (Doc. 16) and Plaintiff has filed a reply. (Doc. 18).

Also before the Court is Plaintiff's motion to consolidate this case with Case No. CV-05-3075-PHX-JAT. (Doc. 25-26). Defendants have filed a response opposing the motion to consolidate. (Doc. 27). The Court heard oral argument on the motion to remand and the motion to consolidate at the Fed.R.Civ.P. 16 Scheduling Conference.

I.

Plaintiff's Motion to Remand.

Plaintiff experienced complications as a result of surgery and filed a malpractice suit for damages which resulted in her receipt of settlement funds. The Defendant Plan allegedly paid $40,347.62 on Plaintiff's behalf as a result of her medical procedures. The present controversy between the parties is whether Defendants have a legal and enforceable right of subrogation for benefits paid to Plaintiff and are entitled to be paid from Plaintiff's personal injury settlement proceeds. Plaintiff alleges in her first amended complaint that this action arises out of contract.

Plaintiff contends in her motion to remand that this Court lacks subject matter jurisdiction over the claims asserted in the first amended complaint because the claims are not preempted by ERISA. Plaintiff acknowledges in her motion that the present action is for declaratory judgment that an alleged ERISA lien being asserted against the settlement proceeds is invalid. Defendants respond that Plaintiff's claims seek relief within the scope of 29 U.S.C. § 1132(a)(1)(B) because she seeks to recover benefits allegedly due her under the terms of the Plan and to enforce rights under the terms of the Plan. Plaintiff's claims therefore are completely preempted. Section 1132(a) is an ERISA enforcement provision and provides in relevant part as follows:

> A civil action may be brought --
> (1) by a participant or beneficiary –

> ***
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan; ...

It is undisputed that the Plan at issue was established under ERISA.

A civil action may be removed if the district court would have had "original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441; Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The "well-pleaded complaint rule" provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2003), as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied, 125 S.Ct. 1836 (2005). A right or immunity created by the Constitution or federal law must be an essential element of the plaintiff's cause of action. The federal issue must be disclosed upon the face of the complaint unaided by answer or the petition for removal. Id.

An exception or corollary to the well-pleaded complaint rule is the complete preemption doctrine. If Congress has so completely preempted a particular area, any complaint raising claims in that area is necessarily federal in character. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). The Supreme Court has determined that Congress intended the complete preemption doctrine to apply to state law claims that fit within the scope of ERISA's civil enforcement provisions. Taylor, 481 U.S. at 64. As noted above, under ERISA's civil enforcement provisions a participant or beneficiary of an ERISA plan may bring a civil action to "recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B).

A plaintiff's state law claim "'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or relation to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983). Defendants argue that because Plaintiff's claims "relate to" an employee benefit plan, they are governed by ERISA. If a state law claim is one seeking

1 relief available under § 1132(a), i.e., a claim for benefits, ERISA's complete preemption applies and the action is removable to federal court. Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S.Ct. 2488, 2496 (2004).

Plaintiff cites Providence Health Plan v. McDowell, 385 F.3d 1168 (9th Cir. 2004), cert. denied, 125 S.Ct. 1726, 1735 (2005), in support of her motion to remand. In Providence, Gary McDowell and his wife were insured under a health care contract with Providence that contained a reimbursement provision. When the McDowells were injured in an automobile accident, Providence paid benefits regarding their medical care. The McDowells each subsequently signed agreements directing their attorney to reimburse Providence for benefits paid in the event of any recovery from a third party. The McDowells later received a settlement as a result of litigation. Providence unsuccessfully sought reimbursement from the McDowells for amounts paid under the insurance contract's reimbursement clause. Providence filed suit against the McDowells in state court and the action was removed to federal court. The district court determined that it had removal jurisdiction and that ERISA preemption barred Providence's claim.

The Court of Appeals for the Ninth Circuit reversed the district court's decision, finding in part that Providence was claiming that the McDowells had breached the reimbursement provision incorporated into their ERISA plan as it applied to monies paid them by a non-ERISA third party *and* their agreement to direct their lawyer to reimburse Providence in the event of a settlement. The Ninth Circuit further held that Providence was not seeking equitable relief for violation of the plan but ordinary damages, i.e., monetary relief, based upon contractual remedies that arise under state law. Id., at 1172-73. The appellate court noted in part that in Great-West Life & Annuity Insurance Co. v. Knudson, 534 U.S. 204, 220 (2002), the Supreme Court had concluded that § 1132(a)(3) did not authorize a fiduciary to enforce a reimbursement provision and acknowledged that other remedies outside ERISA might be available to the fiduciary. Providence Health Plan, 385 F.3d at 1173.

1   Similarly, in Westaff (USA) Inc. v. Arce, 298 F.3d 1164 (9th Cir. 2002), also cited by
2   Plaintiff, the administrator of the health plan governed by ERISA sued to recover medical
3   benefits paid to the insured. The money at issue was proceeds of a personal injury settlement
4   to which the beneficiary was entitled and which had been placed in an escrow account. The
5   terms of the Plan provided that the Plan had subrogation and reimbursement rights in any
6   monies received by a covered person from a third party tortfeasor, to the extent that the
7   recovered funds reimbursed the covered person for medical expenses that had been paid by
8   the Plan. The Court of Appeals held that Westaff was seeking to enforce a contractual
9   obligation for the payment of money, that is, an action for money damages for losses the Plan
10  sustained as a result of the alleged breach. Id., at 1166-67.

11  Defendants have cited, *inter alia*, Arana v. Ochsner Health Plan, 338 F.3d 433 (5th Cir.
12  2003)(en banc), in which the beneficiary sued the health plan in state court to obtain a
13  declaration that he was entitled to retain tort settlement proceeds free of Ochsner Health
14  Plan's ("OHP") claim for reimbursements of health care benefits previously paid for Arana's
15  account. The case had been removed to federal court and the district court granted summary
16  judgment in favor of Arana. On appeal, a panel of the Fifth Circuit reversed, holding that the
17  district court did not have subject matter jurisdiction because Arana's claims were not
18  preempted by ERISA. The Court of Appeals for the Fifth Circuit on rehearing en banc held
19  that Arana, the plan beneficiary, had stated a claim to recover benefits or to enforce his rights
20  that was completely preempted by ERISA, 29 U.S.C. § 1132(a)(1)(B). The Fifth Circuit
21  explained its holding in part as follows:

22  > As it stands, Arana's benefits are under something of a cloud, for OHP is asserting a right to be reimbursed for the benefits it
23  > has paid for his account. It could be said, then, that although the benefits have already been paid, Arana has not fully "recovered"
24  > them because he has not obtained the benefits free and clear of OHP's claims. Alternatively, one could say that Arana seeks to
25  > enforce his rights under the terms of the plan, for he seeks to determine his entitlement to retain the benefits based on the
26  > terms of the plan.

27  Id., at 438.

28

- 5 -

1   In Levine v. United Healthcare Corp., 402 F.3d 156 (3d Cir. 2005), cert. denied, __S.Ct.__, 2005 WL 3144545 (U.S. Nov. 28, 2005)(No. 05-387), health plan beneficiaries sued plan insurers to recover amounts they paid to the insurers pursuant to a reimbursement and subrogation clause. The beneficiaries had been injured by third parties and the health plans fulfilled their responsibilities to them by paying at least a portion of the insureds' medical expenses. The insureds filed suit against the third parties responsible for their injuries, the insurers pursuant to the health insurance policies sought reimbursement from the insureds for benefits under the policies, and subsequent to settlements with their tortfeasors, the insureds reimbursed certain amounts to the insurers. The Court of Appeals for the Third Circuit held in part that where plaintiffs claim that their ERISA plan wrongfully sought reimbursement of previously paid health benefits, the claim is for "benefits due" and federal jurisdiction under § 502(a) was appropriate. Id., at 163.

In the instant case, suit has been filed by the beneficiary, not the Plan as in Providence and Westaff, and there is no separate contract that could be said to bind the beneficiary regarding reimbursement. As in Arana and Levine, Plaintiff is seeking a determination whether she is entitled to retain the benefits based on the terms of the plan. The Court concludes that the rationale as explained by the Fifth Circuit in Arana and followed by the Third Circuit in Levine applies in this case. Plaintiff's motion to remand is denied.

II.

Plaintiff's Motion to Consolidate.

Plaintiff has moved to consolidate the case of Wausau Benefits, Inc. v. Connie M. Liming, Case No. CV-05-3075-PHX-JAT, with the instant case now before this Court. The Wausau Benefits case is based on the same set of facts, that is, subrogation of benefits, but the complaint was filed by Defendant Wausau against the beneficiary. The Wausau Benefits case was filed in the Western District of Wisconsin and transferred to the District of Arizona. The docket sheet in Case No. CV-05-3075-PHX-JAT shows the following three events occurring on the same date of October 14, 2005: the transmittal letter from the District of Arizona acknowledging receipt of the original case file from the Western District of

- 6 -

1  Wisconsin (Doc. 29); a notice of voluntary dismissal filed by Plaintiffs (Doc. 30); and
2  Defendant Liming's filing of an answer to the complaint. (Doc. 31). Defendants in the
3  instant case oppose Plaintiff's motion to consolidate and transfer, contending that there is no
4  action pending in Case No. CV-05-3075-PHX-JAT because the notice of voluntary dismissal
5  was filed before the answer.

6  Under the LRCiv. 42, Local Rules of Practice for the District of Arizona,
7  consolidation of cases is appropriate where two or more cases are pending before different
8  Judges and any party believes that such cases arise from substantially the same transaction
9  or event; involve substantially the same parties or property; call for a determination of
10 substantially the same questions of law; or, for any other reason that would entail substantial
11 duplication of labor if heard by different Judges. There is no dispute that Case No. CV-05-
12 3075-PHX-JAT arises from substantially the same transaction or event and involves
13 substantially the same parties as in the instant case. Plaintiff's motion to consolidate (Doc.
14 25-26) is granted. This Court will resolve the parties' dispute of whether Case No. CV-05-
15 3075-PHX-JAT remains a viable action after transfer and consolidation with the instant case.

16 **Accordingly**,

17 **IT IS ORDERED** that Plaintiff's motion to remand (Doc. 14) is denied.

18 **IT IS FURTHER ORDERED** that Plaintiff's motion to consolidate (Doc. 25-26) is
19 granted. The Clerk of Court shall consolidate the cases, including Case No. CV-05-3075-
20 PHX-JAT, to the lower case number and the cases shall now be known as Case No. CV-05-
21 1247-PHX-MHM.

22 DATED this 16th day of December, 2005.

_____
Mary H. Murgula
United States District Judge